IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILED

UNITED STATES OF AMERICA and
DR. ANGEL O. PIETRI,

    Plaintiffs,

vs.                                      CASE NO. 2:00-cv-188-FTM-23D

COLUMBIA/HCA HEALTH CARE
CORPORATION, BASIC AMERICAN MEDICAL, INC.,
SOUTHWEST FLORIDA REGIONAL MEDICAL CENTER,
INC., HEALTHCARE REALTY TRUST, INC.,
INTERNAL MEDICINE ASSOCIATES OF LEE COUNTY,
M.D., P.A., and DR. STEPHEN ZELLNER,

    Defendants.

---

## COMPLAINT

Comes now the Plaintiffs, UNITED STATES OF AMERICA, ex rel, and DR. ANGEL O. PIETRI, individually, and files this action against the Defendants, COLUMBIA/HCA HEALTH CARE CORPORATION, BASIC AMERICAN MEDICAL, INC., SOUTHWEST FLORIDA REGIONAL MEDICAL CENTER, INC., HEALTHCARE REALTY TRUST, INC., INTERNAL MEDICINE ASSOCIATES OF LEE COUNTY, M.D., P.A., and DR. STEPHEN ZELLNER, and stating:

### JURISDICTION:

1. Plaintiff, DR. ANGEL O. PIETRI, resides in Fort Myers, Lee County, Florida, and was prior to the institution of this action a stockholder of the corporate entity known as INTERNAL MEDICINE ASSOCIATES OF LEE COUNTY, M.D., P.A.

2. The parties Defendants to this cause have engaged in a course of conduct and business with agencies of the UNITED STATES OF AMERICA.

3. The Defendant, INTERNAL MEDICINE ASSOCIATES OF LEE COUNTY,

1



facilities.

17. Upon approval by the officers and directs of IMA of such expansion, the Defendant, ZELLNER, on behalf of IMA negotiated for extensive improvements of the premises to be paid for at the sole cost of IMA as capital leasehold improvements.

18. The improvement work above referenced was undertaken and completed during 1990, at a total contract price of approximately $350,000.00, for which IMA became obligated. Because the capital improvement debt was paid over a shorter time than the improvement could be depreciated, the resulting difference caused in corporate tax liability for IMA.

19. IMA took possession of the improved facilities after completion of the improvements and became obligated to pay additional rent to DR. HARVEY TRITEL, DR. RICHARD DAVIS, and Defendant, ZELLNER, based upon increased square footage of space then occupied.

20. After IMA took possession of the premises and became obligated for the contract improvement. Defendant, ZELLNER, advised that the premises owners were increasing the rent to IMA for the now improved premises by approximately 66%, from $9.00 per square foot to $15.00 per square foot.

21. During 1991, Drs. Tritel, Davis and Zellner undertook to refinance the office building at 3800 Evans Avenue. As a part of such refinancing the Defendant, ZELLNER, advised IMA that its landlords, the Defendant, ZELLNER, DR. HARVEY TRITEL, and DR. RICHARD DAVIS, would acquire from IMA the leasehold improvements completed in 1990 (in paragraphs 17 and 18 above set forth) for the

consideration of assumption of the balance of the $350,000.00 premises improvements obligation debt of IMA. The transaction was then completed between the parties on these terms.

22. Thereafter, ZELLNER advised IMA that in consideration for the debt assumption that IMA would be required to pay additional monthly rental so that such debt balance could be paid off through the collection of monthly rentals from IMA.

23. As a result of such assumption, the Defendant, ZELLNER, along with his partners, DR. HARVEY TRITEL and DR. RICHARD DAVIS, were able to depreciate the acquired leasehold improvements, but instead of, in fact, paying for such improvements by purchase of them from IMA by a debt assumption, raised the rent paid by IMA in order to pay the debt balance. Thus, in effect, they payed nothing for leasehold improvements for which they nevertheless received the benefit of depreciation.

24. The additional rent in payment by IMA was then charged as a business expense, when prior to this transaction the capital leasehold improvements could not be expensed but instead depreciate over a long term.

25. As a result of the purported leasehold improvement purchase by assumption of debt, the Defendant, ZELLNER, and his partners were able to depreciate the leasehold improvements for which they in effect made no payments, because any payment of the debt obligation was, in fact, made either through IMA as a result of increased rent, or paid off as part of the move of the office practice to the new rental space at 2675 Winkler Avenue (see paragraph 34 below).

5

26. In addition, IMA deducted as an expense of rent a capital improvement debt cost, being paid by IMA for or on behalf of ZELLNER and his partners, DR. HARVEY TRITEL and DR. RICHARD DAVIS.

EXCESS PURCHASE PRICE MANIPULATIONS

27. During 1988 Defendant, REGIONAL MEDICAL, purchased a local hospital then known as SOUTHWEST REGIONAL HOSPITAL located at 2727 Winkler Avenue, Fort Myers, Florida, from BAMI.

28. REGIONAL MEDICAL then began operation of the hospital under the business name COLUMBIA REGIONAL MEDICAL CENTER SOUTHWEST FLORIDA.

29. After the purchase the Defendant, ZELLNER, became a member of the hospital board for SOUTHWEST REGIONAL MEDICAL HOSPITAL, ultimately becoming its Chairman.

30. During 1989 the Defendant, REGIONAL MEDICAL, purchased a parcel of land located at 2675 Winkler Avenue, Fort Myers, Florida. REGIONAL MEDICAL then entered into a long term ground lease with HEALTHCARE REALTY. Thereon, HEALTHCARE REALTY constructed a retail medical office building immediately adjacent to the hospital known as SOUTHWEST REGIONAL HOSPITAL, and in order to provide rental facilities for physicians or groups of physicians.

31. HEALTHCARE REALTY then negotiated a lease of the entire premises to an entity known as SOUTHWEST FLORIDA MEDICAL CENTER LTD, which in turn leased the entire premises to REGIONAL MEDICAL (the owner of the underlying real property), who, negotiated individual space leases to physicians and related health care providers.

32. During early 1994 Defendant, ZELLNER, announced to IMA

6

that he and his partners, DR. HARVEY TRITEL and DR. RICHARD DAVIS, had negotiated a sale of their property located at 3800 Evans Avenue, Fort Myers, Florida, to REGIONAL MEDICAL and HEALTHCARE REALTY, and that as a part of this transaction it was necessary for IMA to move its business to the building then being constructed by HEALTHCARE REALTY and located at 2675 Winkler Avenue, Fort Myers, Florida, adjacent to the hospital facilities owned by REGIONAL MEDICAL operated as COLUMBIA REGIONAL MEDICAL CENTER.

33. Thereafter, ZELLNER, on behalf of IMA negotiated for IMA to enter into a lease with REGIONAL MEDICAL for office space at the facilities owned by HEALTHCARE at 2675 Winkler Avenue, Fort Myers, Florida.

34. Upon execution of the lease by IMA for the facilities located at 2675 Winkler Avenue, Fort Myers, Florida, ZELLNER received a check from a party other than IMA to pay for the balance due on the $350,000.00 premise improvements obligation originally the responsibility of IMA, but assumed by the Defendant, ZELLNER, and his partners DR. HARVEY TRITEL and DR. RICHARD DAVIS, and which check was an amount sufficient to pay the unpaid balance due upon that debt. (See paragraphs 21 - 24 above).

35. Upon completion of the move by IMA from its previous business address at 3800 Evans Avenue, Fort Myers, Florida, to the business address at 2675 Winkler Avenue, Fort Myers, Florida, the Defendant, ZELLNER, and his partners DR. HARVEY TRITEL and DR. RICHARD DAVIS, sold the property at 3800 Evans Avenue, Fort Myers, Florida, in a simultaneous transaction by sale of the land to REGIONAL MEDICAL for $409,000.00 and by sale of the improvements to

HEALTHCARE REALTY for $1,574,800.00.

36. The consideration received by the Defendant, ZELLNER, and his partners, DR. HARVEY TRITEL and DR. RICHARD DAVIS, from REGIONAL MEDICAL and from HEALTHCARE REALTY TRUST for the purchase, and to pay the balance for leasehold premises improvement was far in excess of the fair market value of the premises at 3800 Evans Avenue, Fort Myers, Florida, which was then currently assessed at approximately $861,000.00.

37. After the purchase transaction, HEALTHCARE REALTY TRUST leased the premises at 3800 Evans Avenue to EASTPOINT HOSPITAL, INC., doing business as ABLE CARE, an entity which is owned or controlled by COLUMBIA, and wherein the lease agreement was guaranteed by COLUMBIA.

38. ABLE CARE is an outpatient business primarily providing home health services to predominantly Medicare recipients. It is thus able to pass its excess costs of operation, including lease payments, through to the Medicare System paid by the UNITED STATES OF AMERICA.

39. The excess purchase price paid for the property located at 3800 Evans Avenue, Fort Myers, Florida, was financed by COLUMBIA through its entity ABLE CARE paying to HEALTHCARE REALTY artificially high rent, and which rent is considerably higher than rent from similar buildings located on Evans Avenue.

40. The net effect of the parties financial manipulations was to finance the excess purchase price received by ZELLNER by excess claims made against the UNITED STATES OF AMERICA.

IMPROPER INDUCEMENTS:

41.  Prior to the purchase by REGIONAL MEDICAL and HEALTHCARE REALTY of the property owned by Drs. Zellner, Tritel and Davis at 3800 Evans Avenue, and the move by IMA of its office to the new facilities at 2675 Winkler Avenue, REGIONAL MEDICAL and IMA had undertaken mutually beneficial transactions.

42.  In 1991 and 1992, REGIONAL MEDICAL had determined that the area of Lee County Florida known as North Fort Myers was medically underserved and a potential source for hospital referrals. Accordingly, REGIONAL MEDICAL through Dr. Zellner approached IMA to propose the establishment of an office, x-ray facility, and lab drawing station in the North Fort Myers area.

43.  In exchange for referrals of patients from these facilities by IMA to the hospital operated by REGIONAL MEDICAL, REGIONAL MEDICAL agreed to pay the costs for leasehold improvements and furnishings, and cost for physician recruitment for the North Fort Myers facilities.  IMA was to and did staff the facilities, employed the physician recruited, and operated them as part of its medical practice.

44.  REGIONAL MEDICAL agreed to pay the monthly lease costs for a period of one year, or until the facility became profitable, whichever first occurred, and to reimburse IMA in the event of operating loss during the first year.  IMA became the tenant of the office with free access to the X-ray equipment and use of the lab technician.

45.  Between 1992 and 1999, REGIONAL MEDICAL paid costs for recruitment of employee physicians for IMA.  This benefit

9

substantially increased after IMA moved its offices to the new office building at 2675 Winkler Avenue, Fort Myers, Florida.

46. During 1993 and 1994, REGIONAL MEDICAL obtained the appropriate equipment to establish a Wound Care Center, including a hyperbaric oxygen treatment chamber.

47. Thereafter, IMA physicians Drs. Zellner and Kluge dramatically increased monthly billings by submitting claims for professional supervision of hyperbaric oxygen treatments, often when not in attendance during the period of treatment.

48. Shortly after the sale by Dr. Zellner and his partners to REGIONAL MEDICAL and HEALTHCARE REALTY of the real property and building located at 3800 Evans Avenue, Dr. Zellner participated in the formation of several corporations. These included: (1) Gulfside Medical Development, whose officers included William Hussey, the former South Florida Division head for COLUMBIA and Nicholas Carbone the former CEO of REGIONAL MEDICAL; and (2) Internal Medicine Infusion Services.

WHEREFORE, Plaintiffs, THE UNITED STATES OF AMERICA and DR. ANGEL O. PIETRI, individually, pray

A. That judgment be entered against the Defendants, and each of them jointly and severally, in an amount presently indeterminable, and in addition, to a fine as provided by Statute for each violation of the Defendants, together with attorney's fees and costs.

B. In addition, Plaintiffs pray for such further and

additional relief at law or equity as the Court may deem appropriate or proper.

Dated the 4 day of MAY, 2000.

_____
DR. ANGEL PIETRI


SIMPSON, HENDERSON & CARTA
1619 Jackson Street
Post Office Box 1906
Fort Myers, FL  33902
(941) 332-3366

By _____
ROBERT P. HENDERSON, ESQ.
FL Bar No. 147256